# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4107-23

K.C.,

    Plaintiff-Appellant,

v.

D.C. and D.J.,

    Defendants-Respondents.

_____

Submitted May 29, 2025 – Decided July 8, 2025

Before Judges Mayer and Puglisi.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FD-20-0996-17.

K.C., appellant pro se.

Respondents have not filed a brief.

PER CURIAM

This matter returns to us following remand proceedings directed by our previous opinion. K.C. v. D.C., No. A-1907-22 (App. Div. May 21, 2024).

Plaintiff K.C.[1] (Kenny), the grandfather of defendant D.C.'s (Diana) minor child, H.C. (Hailey), appeals from the August 12, 2024 Family Part order transferring jurisdiction of this matter to the State of Maryland pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), N.J.S.A. 2A:34-53 to -95. We affirm.

The detailed facts and procedural history of this matter are set forth in our prior opinion and need not be repeated here. K.C., slip op. at 2-6. Because we write primarily for the parties, we provide a brief recitation to give context to our decision.

Nine months after Hailey's birth in 2016, Diana was incarcerated and Hailey's father, D.J. (Dennis) could not be located. With Diana's consent, Kenny was granted temporary residential custody of Hailey. Upon Diana's release from incarceration in 2018, she complied with court-ordered requirements to regain custody of Hailey. In June 2018, the court returned residential custody to Diana, ordered parenting time for Kenny, and prohibited Diana from leaving the state with Hailey without judicial approval.

---

[1] The parties and minor child are referred to by their initials and pseudonyms to protect the confidentiality of the child. R. 1:38-3(d)(13).

A-4107-23

In 2020, Diana moved to Maryland and later brought Hailey to live with her without court approval. The following year, Diana, Dennis and Kenny agreed to share joint legal custody. Diana was designated the parent of primary residence in Maryland, where Kenny continued to exercise his parenting time with Hailey. In February 2021, the court granted Diana permission to relocate Hailey to Maryland.

Kenny subsequently filed an application for custody in Maryland, which was dismissed for lack of jurisdiction, and then filed a motion for custody in New Jersey.[2] In April 2022, a Family Part judge determined New Jersey had continuing jurisdiction over Hailey, denied Kenny's motion, and subsequently ordered a parenting time schedule for him.

In February 2023, Kenny filed an application for an order to show cause in New Jersey again seeking residential custody of Hailey, arguing he was her psychological parent. The judge denied the application without first determining whether New Jersey had continuing jurisdiction.

We vacated the February 24, 2023 order and remanded the matter to the Family Part to determine whether New Jersey retained jurisdiction and, if it did, whether Kenny was Hailey's psychological parent. K.C., slip op. at 9-10, 17.

---

[2] Neither motion is part of the record of this appeal.

A-4107-23

On remand, the Family Part judge determined "the circumstances in this matter have substantially changed, divesting New Jersey of jurisdiction." Because jurisdiction was transferred to Maryland, the judge did not evaluate whether Kenny was Hailey's psychological parent.

On appeal, Kenny claims the judge did not comply with our remand order and the record does not support her decision. We disagree and affirm substantially for the reasons set forth in the judge's written statement of reasons accompanying the August 12, 2024 order. We add the following comments.

Appellate review of Family Part orders is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). We owe substantial deference to the Family Part's findings of fact because of its special expertise in family matters. Id. at 413. As such, we will not disturb a trial court's factual findings unless "they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Cesare, 154 N.J. at 412 (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)). We review de novo jurisdictional questions in interstate child custody disputes. Sajjad v. Cheema, 428 N.J. Super. 160, 170 (App. Div. 2012).

"The UCCJEA governs the determination of subject matter jurisdiction in interstate . . . custody disputes." Ibid. It serves to "ensure that custody

determinations are made in the state that can best decide the case." Griffith v. Tressel, 394 N.J. Super. 128, 138 (App. Div. 2007). The UCCJEA was enacted "'to avoid jurisdictional competition and conflict' between jurisdictions in favor of 'cooperation with courts of other states.'" Sajjad, 428 N.J. Super. at 170-71 (quoting Griffith, 394 N.J. Super. at 138).

Relevant to this appeal, "[New Jersey] acquires 'exclusive, continuing jurisdiction' when . . . [the] court . . . makes an initial custody determination." Griffith, 394 N.J. Super. at 140 (quoting N.J.S.A. 2A:34-66(a)). New Jersey entered the initial child custody order here in 2017 and, over the next five years, entered modification orders.

After a New Jersey court has made an initial child custody determination, it retains "exclusive, continuing jurisdiction" over the determination and modifications until

> a court of this State determines that neither the child, the child and one parent, nor the child and a person acting as a parent have a significant connection with this State and that substantial evidence is no longer available in this State concerning the child's care, protection, training, and personal relationships[.]
>
> [N.J.S.A. 2A:34-66(a)(1).]

The judge determined that neither Hailey, Hailey and Diana, nor Hailey and Kenny have a significant connection with New Jersey since relocating to

Maryland. Setting aside the time prior to judicial approval, nine-year-old Hailey has lived in Maryland since February 2021. Her schools, doctors and personal relationships are located in Maryland, where Kenny exercised his parenting time after the move. On these facts, we are satisfied the judge's findings were grounded in the record and we discern no basis to disturb her legal determination that New Jersey no longer had exclusive, continuing jurisdiction over this matter.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Hanley*

Clerk of the Appellate Division

A-4107-23